```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| **JENNIFER HENSLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 11-2313 |
| | ) |
| **TAJ INVESTMENTS, INC. d/b/a** | ) |
| **EXECUTIVE INN,** | ) |
| | ) |
| Defendant. | ) |

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Plaintiff Jennifer Hensley ("Hensley") brings suit against Defendant Taj Investments, Inc. d/b/a Executive Inn ("Executive Inn") for negligence. (Am. Premises Liability Compl., ECF No. 1-4 ("Am. Compl.").) On February 3, 2012, Executive Inn filed a Motion for Summary Judgment. (ECF No. 14.) Hensley responded on March 16, 2012. (Pl.'s Resp. to Def.'s Mot. for Summ. J., ECF No. 17 ("Resp.").) Executive Inn replied on March 30, 2012. (Def.'s Reply, ECF No. 21 ("Reply").) For the following reasons, the Court DENIES Executive Inn's Motion.

### I.   Background

On or about December 23, 2009, Hensley slipped and fell on a wet substance near the entrance to the Executive Inn located at 3222 Airways Blvd., Memphis, Tennessee. (Am. Compl. ¶ 5.)

1

She asserts that Executive Inn was negligent in failing to remove the dangerous substance and in failing to place signs warning of the dangerous condition. (Id.)

The accident occurred around 10:30 A.M. (Jennifer Hensley Dep. 45, 64, ECF No. 14-4 ("Hensley Dep.").) It was raining that morning, and as Hensley stepped outside the building she slipped and fell. (Id. 69-72.) She fell halfway in the building and halfway outside the building. (Id. 72.) Hensley believes that as she fell she pushed the door open so that her legs were inside the building, but her torso was outside. (Id.) There were no signs outside that the area was wet. (Id. 73.) There was a mat by the doors when Hensley entered the Inn, but it was gone when she left because the janitor had taken it to remove mud. (Id. 73, 94.) Hensley believes that the ground was wet because the janitor left the door open when he took out garbage, allowing water to enter the entranceway. (Id. 70-80.)

Hensley could not stand under her own power when the EMTs arrived. (Id. 83.) When she arrived at the hospital, x-rays confirmed that her knee was dislocated. (Id. 98.) Hensley ultimately had surgery to replace her torn ligaments. (Id. 101.) After her surgery, Hensley had physical therapy for six months. (Id. 102.) Despite her surgery and physical therapy, Hensley's range of motion has been permanently impaired, and she can neither lift her leg when lying on her back nor run. (Id.

2

106-07.)  She still suffers pain in her knee and is unable to engage in vigorous athletic activity. (Id. 29.)  Since the accident, Hensley asserts that she has suffered from depression. (Id. 40-41.)

## II.  Jurisdiction And Choice of Law

Hensley is a resident of Collierville, Tennessee.  (Am. Compl. ¶ 1.)  Executive Inn is an Illinois corporation with its principal place of business in Skokie, Illinois.  (Notice of Removal ¶ 4, ECF No. 1.)  Hensley seeks $700,000 in damages. (Am. Compl. Relief Sought.)  Jurisdiction is proper under to 28 U.S.C. § 1332.

For tort claims, Tennessee follows the "most significant relationship" rule, which provides that "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation." Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992).  To determine which state has the "most significant relationship," Tennessee courts consider seven factors:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,
>
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,

>   (e) the basic policies underlying the particular field of law,
>
>   (f) certainty, predictability, and uniformity of result, and
>
>   (g) ease in the determination and application of the law to be applied.

Timoshchuk v. Long of Chattanooga Mercedes-Benz, No. E2008-01562-COA-R3-CV, 2009 WL 3230961, at *10 (Tenn. Ct. App. Oct. 8, 2009) (quoting Restatement (Second) of Conflict of Laws § 6 (1971)).

When applying those factors, courts must consider: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, [and] (d) the place where the relationship, if any, between the parties is centered."  Id. at *10-11 (quoting Restatement (Second) of Conflict of Laws § 145 (1971)); accord Hataway, 830 S.W.2d at 59.  "[T]hese contacts are to be evaluated according to their relative importance with respect to the particular issue."  Timoshchuk, 2009 WL 3230961, at *11; accord Hataway, 830 S.W.2d at 59.  The accident occurred in Tennessee and involved a Tennessee resident.  Neither party contests the application of Tennessee law.  Tennessee law applies.

4

**III. Standard of Review**

When confronted with a properly supported motion for summary judgment, the respondent must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56; Pucci v. Nineteenth Dist. Court, 628 F.3d 752, 759 (6th Cir. 2010). A genuine dispute for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). One may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmovant must present "concrete evidence supporting [her] claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989) (citations omitted); see Fed. R. Civ. P. 56(c)(1). The district court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). "Summary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or

inferences by the trier of fact." Hunt v. Cromartie, 526 U.S. 541, 553 (1999).

**IV. Analysis**

Executive Inn contends that, because Hensley cannot prove that she fell on a wet tile, there is no genuine dispute for trial. Hensley testified that she did not see any water on the floor before she fell and that she had no information or evidence that there was water on the floor. (Hensley Dep. 81-82.) However, she also testified that the floor was wet where she fell. (Id. 79.) Hensley testified that the floor had been muddy and that the Inn's janitor had removed the mat that had been in place so he could remove mud by the doorway. (Id. 74.)

"In Tennessee, 'business proprietors are not the insurers of the patrons' safety. However, they are required to use due care under all the circumstances.'" Freguson v. Wal-Mart Stores East, L.P., No. No. 2:10-cv-245, 2011 U.S. Dist. LEIXS 95144, at *8 (E.D. Tenn. Aug. 24, 2011) (quoting Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004)). To establish premises liability, a plaintiff must establish that there was a dangerous condition that caused harm and that: "(1) the condition was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or

6

constructive notice that the condition existed prior to the accident." Blair, 130 S.W.3d at 764.

Wet floors are considered a dangerous condition in Tennessee. See, e.g., Jain v. Memphis Shelby Cnty. Airport Auth., No. 08-2119, 2010 U.S. Dist. LEXIS 16815, at *27 (W.D. Tenn. Feb. 25, 2010) (melted ice cream created a dangerous condition); Bryan v. Circle K Stores, Inc., No. 07-2351, 2008 U.S. Dist. LEXIS 91355, at *8-9 (W.D. Tenn. Aug. 25, 2008) (oil fluid in a parking lot created a dangerous condition); Williams v. Linkscorp Tenn. Six, LLC, 212 S.W.3d 293, 295 (Tenn. Ct. App. 2005) (finding a dangerous condition because plaintiff and his witnesses stated they noticed steps were covered with mud, moss, and water after rain). Hensley has testified that the floor was wet and had been muddy where she fell. (Hensley Dep. 74, 79.) A reasonable jury could find there was a dangerous condition. Executive Inn has not shown, as a matter of law, that there was not.

### V. Conclusion

Executive Inn's Motion for Summary Judgment is DENIED.

So ordered this 2nd day of April, 2012.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE